In the Matter of BERTRAM C. SMITH, JR., Petitioner, v. JOHN R. NIESLEY et al., Constituting the Civil Service Commission of the County of Nassau, et al., Respondents.

Supreme Court, Special Term, Nassau County, June 29, 1962.

*Richard M. Gaba* for petitioner. *Bertram Harnett, County Attorney,* for respondents.

JOSEPH A. SUOZZI, J. On this application for an order pursuant to article 78 of the Civil Practice Act, the papers submitted clearly reveal that the proceeding was not commenced within the time permitted by law. The application is therefore denied.

According to section 1286 of the Civil Practice Act, a proceeding must be instituted within four months after a determination becomes binding. Here, the petitioner had notice of a change in his title in July, 1957; he wrote to the respondent commission on February 15, 1958, requesting that his name be placed on a preferred list for appointment to the position of auditor; and according to the petition he has not been advised of a denial of his request. Attached to the respondents' answer, however, is a copy of a notice which shows that as of June 10, 1958, his reclassification appeal was denied, and a copy of a

letter dated June 4, 1959, in which the petitioner's request to be put on a preferred list was denied.

The date the statute started to run against the petitioner was at the latest, June 4, 1959. The fact that there may have been "negotiations, conferences and discussions" thereafter would not extend the time for the commencement of the proceeding (*Matter of Karaffa v. Simon*, 14 A D 2d 978). Moreover, even if it were held that the letter of June 4, 1959 was not a denial, and that respondent commission had not acted upon the request of the petitioner, "the period in which to institute an article 78 proceeding would still commence to run within a reasonable time after the matter was submitted to it. * * * The delay of years indulged in by petitioner far exceeded any reasonable time." (*Matter of Barry v. Mulrain*, 4 A D 2d 628, 630, affd. 5 N Y 2d 906.) The statute would have commenced to run within a reasonable time after the letter of February 15, 1958. A proceeding commenced in May of 1962 is clearly too late.

In view of the fact that the proceeding has not been commenced within the time permitted by statute, the merits of the application have not been considered.